69 F.3d 532
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carolyn AFANDE, Plaintiff-Appellant,
v.
THE NATIONAL LUTHERAN HOME FOR THE AGED, Defendant-Appellee,
and
Frank McGovern, Defendant.
 No. 94-2543.
 United States Court of Appeals, Fourth Circuit.
 Nov. 2, 1995.
 
 Mitchell I. Batt, SULLIVAN & TALBOTT, Rockville, Maryland, for Appellant.
 Mark Jay Swerdlin, SHAWE & ROSENTHAL, Baltimore, Maryland, for Appellee. ON BRIEF: Alice P. Estill, SHAWE & ROSENTHAL, Baltimore, Maryland, for Appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BEATY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff Carolyn Afande appeals the district court's grant of summary judgment to appellee, The National Lutheran Home for the Aged ("Home"), on the ground that Afande failed to present sufficient evidence to allow a trier of fact to conclude that the Home discriminated against her because she was pregnant. We affirm.
 
 I.
 
 2
 Afande worked as an Environmental Service Aide at the Home from July 25, 1990 to May 19, 1992. The Home emphasizes attendance and punctuality for its employees. When an employee is absent without leave, the Home issues the employee a written warning. After two warnings, the Home generally suspends the employee. A fourth warning may result in the employee's termination.
 
 
 3
 Here, by the time that Afande informed her supervisor, Frank McGovern, that she was pregnant, Afande had already been absent without leave on at least two occasions, receiving warnings on September 16 and November 21, 1991. After a third absence, Afande received a warning and suspension on March 13, 1992. Afande's employment was ultimately terminated after a fourth absence and warning, issued on May 19, 1992.
 
 
 4
 Subsequently, Afande filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging employment discrimination on the basis of her pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. Afande alleged that she had been discriminated against in her working conditions and terminated because of her pregnancy. The EEOC issued Afande a Right to Sue Letter, and Afande brought this action.
 
 
 5
 After discovery, the district court granted the Home's motion for summary judgment.
 
 II.
 
 6
 The district court concluded that the undisputed facts of Afande's case revealed: (1) the Home had a legitimate, non-discriminatory reason for terminating Afande based on her attendance record; and (2) Afande had not shown that she was treated differently in her work assignments from other employees. As a matter of law, the record before the district court did not support a claim of discrimination on the basis of pregnancy with regard to either Afande's employment conditions or termination. Accordingly, the district court granted the Home's motion for summary judgment.
 
 
 7
 Having reviewed the record and heard oral argument, we agree that summary judgment was appropriate in this case and affirm for the reasons stated by the district court in its careful opinion.
 
 AFFIRMED